## ADKINS v. E. I. DU PONT DE NEMOURS & CO., Inc. (UNITED STATES, Intervenor).

### No. 4038.

United States Court of Appeals
Tenth Circuit.

April 19, 1950.

Rehearing Denied May 17, 1950.

Porter & Porter, Muskogee, Okl., for appellant.

G. C. Spillers, Tulsa, Okl. (Peter B. Collins, Wilmington, Del., and G. C. Spillers, Jr., Tulsa, Okla., on the brief), for appellee.

H. G. Morison, Asst. Atty. Gen. (Cleon A. Summers, U. S. Atty., Francis Stewart,

642

Asst. U. S. Atty., Muskogee, Okl., Enoch E. Ellison, Sp. Asst. to Atty. Gen., Johanna M. D'Amico, Atty., Dept. of Justice, Washington, D. C., on the brief), for United States.

Before PHILLIPS, Chief Judge, and BRATTON and PICKETT, Circuit Judges.

PER CURIAM.

This case,[1] and Adkins v. E. I. du Pont de Nemours & Co.,[2] 10 Cir., 176 F.2d 661, were companion cases. All of the questions except one to be hereinafter noticed were decided adversely to Adkins in No. 1816.

Adkins filed two separate requests for admissions in 1816. Answers were made to such requests. Such requests for admissions and the answers thereto were adopted in 1720.

Interrogatories were propounded by Adkins in 1816. A motion to suppress such interrogatories was filed. An order was entered suppressing certain of the interrogatories. The remaining interrogatories were answered and such interrogatories and the answers thereto were adopted in 1720. On July 7, 1947, Adkins submitted in 1720 an additional request for admissions. A motion to suppress such requests for admissions was filed. On September 12, 1947, the trial court ordered that such requests be stayed until the further order of the court. On August 18, 1949, the appellee filed a motion for summary judgment and supported it with certain affidavits and documentary evidence. Adkins filed no counter affidavits and offered no evidence. The motion came on for hearing September 30, 1949. At that time the order staying the request for admissions was still in effect. Adkins did not request the trial court to postpone the hearing on the motion until the request for admissions had been answered, or in any other manner raise the objection that he was entitled to have the request for admissions answered and have the answers considered by the trial court

when it passed on the motion. Having so failed, he may not urge as error here for the first time, the action of the trial court in deciding the motion before the request for admissions had been answered and made available to Adkins.[3]

Affirmed.

1. Numbered 1720 in the trial court.

2. Numbered 1816 in the trial court.

3. National Fire Ins. Co. v. School Dist. No. 68, 10 Cir., 115 F.2d 232, 234. State ex rel. Williams v. Neustadt, 10 Cir., 149 F.2d 143, 147.