612 F.2d 497
 Robert BROWN, Plaintiff-Appellant,
v.
F. T. CHAFFEE, Joseph W. Zima, C. Keith Sayler, Edwin Dudley
Smith, David H. Fisher, Donald Patterson, Larry G.
Pepperdine, James P. Nordstrom, Dennis R. Taylor, Justice B.
King, Herbert A. Marshall, Doral H. Hawks, E. Gene McKinney,
J. Roger Hendrix, Michael J. Schenk and William T. Nichols,
and United States Fire Insurance Company and Affiliated FM
Insurance Company, Defendants-Appellees.
Robert BROWN, Plaintiff-Appellant,
v.
AFFILIATED FM INSURANCE COMPANY, Defendant-Appellee.
 Nos. 77-1988, 78-1072.
 United States Court of Appeals,
Tenth Circuit.
 Argued April 19, 1979.
Decided Dec. 26, 1979.
 
 Fred W. Phelps, Jr., Topeka, Kan. (Fred W. Phelps, Topeka, Kan., with him on the brief), for plaintiff-appellant.
 Fred N. Six, of Barber, Emerson, Six, Springer & Zinn, Lawrence, Kan., for defendants-appellees F. T. Chaffee and Joseph W. Zima.
 Robert L. Baer, Topeka, Kan. (Michael J. Grady, Topeka, Kan., with him on the brief), of Cosgrove, Webb & Oman, Topeka, Kan., for defendants-appellees C. Keith Sayler, Edwin Dudley Smith, David H. Fisher, Donald Patterson, Larry G. Pepperdine, James P. Nordstrom, Dennis R. Taylor and Justice B. King.
 Thomas L. Theis, Topeka, Kan. (Myron L. Listrom, Topeka, Kan., with him on the brief), of Sloan, Listrom, Eisenbarth, Sloan & Glassman, Topeka, Kan., for defendants-appellees Herbert A. Marshall, Doral H. Hawks, H. Gene McKinney, J. Roger Hendrix, Michael J. Schenk, and William T. Nichols.
 Monti L. Belot, of Weeks, Thomas, Lysaught, Bingham & Mustain, Kansas City, Kan., for defendant-appellee United States Fire Ins. Co.
 Charles D. McAtee, Topeka, Kan. (Ronald W. Fairchild, Topeka, Kan., with him on the brief), of Eidson, Lewis, Porter & Haynes, Topeka, Kan., for defendant-appellee Affiliated FM Ins. Co.
 Before SETH, Chief Judge, and DOYLE and LOGAN, Circuit Judges.
 LOGAN, Circuit Judge.
 
 
 1
 Robert Brown appeals orders of dismissal in his action brought in federal district court against individuals and insurance companies involved in a prior case in which he was a defendant. Count I, based on diversity jurisdiction, alleges that two insurance companies, United States Fire Insurance Company (USFIC), and Affiliated FM Insurance Company (AFM), defrauded him and breached their contractual duties to defend in good faith in the prior case. Count II is against the two insurance companies and individual defendants F. T. Chaffee (a codefendant with Brown in the prior case), Joseph W. Zima (legal advisor to the sheriff's department), and all the attorneys in two law firms, only some of whom had defended Brown and Chaffee in the earlier suit. This count alleges causes of action under 42 U.S.C. §§ 1983, 1985(2) and (3), 1986, and 18 U.S.C. § 241.
 
 
 2
 The prior suit, Hiett v. Chaffee, No. 75-225-C5 (D.Kan.), was a civil rights action against Brown for his activities while a member of the Shawnee County Sheriff's Department. Brown was found liable for actual and punitive damages. AFM paid for the defense and the actual damages, but Brown had to pay the punitive damages. Chaffee, Sheriff of Shawnee County and Brown's supervising officer, was a named defendant but was exonerated of liability. USFIC, also a defendant, was granted summary judgment on the ground it insured no one connected with the action.
 
 
 3
 Brown's unhappiness with the defense of Hiett arises from what he claims was a conflict between his interests and those of Chaffee and the insurance companies. The same attorneys represented Brown and Chaffee until three months before the trial, when independent counsel was provided for Brown. Brown alleges, among other things, that defendants failed to inform him of the conflict, suppressed evidence favorable to his defense, and conspired to deprive him of a fair trial and other constitutional rights.
 
 
 4
 We divide the discussion of the issues on appeal into four categories as follows: (1) the motion to dismiss in favor of the individual defendants on the 42 U.S.C. §§ 1983, 1985(2) (portion before the semicolon) and 1986 charges;[1] (2) the motion to dismiss in favor of AFM; (3) the grant of summary judgment in favor of USFIC; and (4) USFIC's motion for damages against Brown for taking a frivolous appeal.
 
 
 5
 * MOTION TO DISMISS IN FAVOR OF THE INDIVIDUAL DEFENDANTS
 
 A. Section 1983
 
 6
 To recover under 42 U.S.C. § 1983 Brown must show defendants acted "under color of law." See Adickes v. S.H. Kress & Co., 398 U.S. 144, 150, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Although pleadings are to be construed liberally, the complaint must contain adequate facts to support this element of the cause of action. See Dewell v. Lawson, 489 F.2d 877, 879-80 (10th Cir. 1974).
 
 
 7
 The propriety of the Rule 12(b)(6) ruling in favor of the individual defendants turns on whether Sheriff Chaffee was acting under color of state law while defending the prior lawsuit. The attorneys had no connection with state action except for their association with Chaffee and Zima. Lawyers do not act under color of state law solely by engaging in private litigation on behalf of their clients. See, e. g., Jones v. Jones, 410 F.2d 365 (7th Cir. 1969), Cert. denied, 396 U.S. 1013, 90 S.Ct. 547, 24 L.Ed.2d 505 (1970).
 
 
 8
 Acting under color of state law as required by section 1983 is defined as the "(m)isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Monroe v. Pape, 365 U.S. 167, 184, 81 S.Ct. 473, 482, 5 L.Ed.2d 492 (1961)[2] (quoting with approval from United States v. Classic, 313 U.S. 299, 326, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941)). We find no allegation in the pleadings of how Chaffee misused the authority granted him as sheriff to injure Brown during the defense in the Hiett case. Chaffee's position as sheriff does not make his every action one under color of law; only when he is using the power granted by the state does it become state action. Defending a personal lawsuit in a way harmful to another is not action made possible because the wrongdoer has state authority. See Taylor v. Nichols, 558 F.2d 561, 564 (10th Cir. 1977) (filing a complaint and testifying at trial is not acting under color of state law). Even though the prior lawsuit arose out of Chaffee's position as sheriff, it was a lawsuit against him individually. Without insurance coverage he would have had to pay for his defense and any damages adjudged against him, just as Brown had to pay punitive damages not covered by the insurance policy.
 
 
 9
 The complaint asserts Chaffee was Brown's superior officer "with the power to hire and fire him and with the power to jeopardize plaintiff's future as a law enforcement officer." But Brown does not allege any actions by Chaffee that might constitute misuse of these powers. Unexercised authority under state law is not action under color of state law.
 
 
 10
 We affirm the dismissal of the charge against the individual defendants, and need not decide whether the complaint sufficiently alleges a deprivation of Brown's constitutional rights.B. Sections 1985(2) (before the semicolon) and 1986
 
 
 11
 To state a cause of action under 42 U.S.C. § 1985(2) (before the semicolon) it is not enough simply to show a conspiracy; the conspiracy must be one that has the requisite statutory purpose. The purpose language of this part of section 1985(2) is very specific: "conspire to deter, by force, intimidation, or threat, any party . . . in any court of the United States . . . from testifying . . . freely, fully, and truthfully . . . ." This language must be contrasted with the broad language of the part of 1985(2) after the semicolon, which proscribes conspiring "for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws . . . ." Thus, the statute clearly indicates that a conspiracy under the first part must be one directly affecting, in the context of this case, the act of testifying as a witness. See Brawer v. Horowitz, 535 F.2d 830, 840 (3d Cir. 1976).
 
 
 12
 Brown's complaint states, "Defendants did conspire among themselves and with others to deter plaintiff by force, intimidation or threat from testifying in this Court in the Hiett matter freely, fully, and truthfully . . . ." To support this allegation Brown alleges the following actions by defendants: hiring one lawyer for Brown and Chaffee even though the two defendants had conflicting interests in the defense of the suit; failing to inform Brown of the conflict or to advise him to seek separate counsel; failing to present evidence at trial that would be favorable to Brown; and declining to provide representation of Brown's interests at a hearing on punitive damages. If proved, these facts may demonstrate a conspiracy to prevent Brown from effectively defending the action, but they do not show any direct deterrence of Brown's testimony.
 
 
 13
 Brown argues in his brief that he was "intimidated" from testifying freely and fully because the content of his testimony was determined by his attorney's questions, thereby preventing him from presenting certain unspecified information. There were no allegations to this effect in the complaint. But even if they could be inferred from the facts given, a cause of action is not stated.
 
 
 14
 In defense of the meager allegations on this point the following statement is made in Brown's brief: "Exactly what evidentiary matters, and how Brown felt when he was on the witness stand, and what material he was not able to testify to, are matters for discovery." This sentence goes to the heart of Brown's misunderstanding. A witness who has been directly deterred from testifying knows what evidence he was prevented from presenting, and does not require discovery to ascertain what it was. What Brown is really saying here is that the attorneys did not ask him the right questions to present an effective defense, but he does not know what those questions might be. The same allegation could be made by a losing party in virtually every case. We would have to ignore completely the clear language of the appropriate portion of section 1985(2) to hold this wrong actionable. Brown's complaint may sufficiently allege a state tort claim of fraud and malpractice, but, in the absence of diversity jurisdiction, it cannot be pursued in federal court.
 
 
 15
 The 42 U.S.C. § 1986 claim is dependent on the existence of a cause of action under section 1985, and therefore fails also. Taylor v. Nichols, 558 F.2d 561, 568 (10th Cir. 1977).
 
 II
 MOTION TO DISMISS IN FAVOR OF AFM
 
 16
 In response to AFM's motion to dismiss, Brown filed an amended complaint dropping the Civil Rights Act charges, but retaining the state law count essentially intact. Therefore, on appeal we consider only the state law claim, based on diversity jurisdiction, which alleges fraud and breach of contractual duty to defend.
 
 
 17
 The district court dismissed the fraud claim on the grounds that Fed.R.Civ.P. 9(b) requires fraud to be averred with particularity and Brown failed to do so. Rule 9(b) requires the Circumstances of fraud to be stated with particularity. Here the complaint contains the following allegations: (1) AFM intentionally or negligently made false representations, upon which Brown relied, that his interests were being represented in Hiett ; (2) AFM failed to inform Brown of the conflict in interest between his interests and Chaffee's, and of the harm that would result if he did not have independent counsel; and (3) AFM suppressed evidence favorable to Brown. The first allegation is no more than a recital of the elements of fraud, and is not sufficient by itself. The other two statements show the circumstances of a breach of AFM's duty to defend in good faith, but not fraud. Brown cannot turn an action for breach of contract into an action for fraud by merely alleging reliance on representations that the contract would be performed and detriment from its breach. We therefore affirm the dismissal of any charge of fraud contained in the complaint.
 
 
 18
 This leaves the claim for breach of duty to defend, which the trial court also dismissed. When an insurance company has turned a case over to attorneys to provide the defense, and there is dissatisfaction with the conduct of the defense, a lawsuit challenging the conduct of that defense would necessarily involve a determination of the attorneys' malfeasance. The trial judge was concerned with this, declaring
 
 
 19
 It would be necessary to call the counsel involved as witnesses and in effect try the issue of their malpractice in order to resolve the issue of liability of the defendant. That such a trial would impede the ability of counsel to protect their professional reputations and means of livelihood should not admit of question.
 
 
 20
 The judge also placed emphasis on the presence of a concurrent state court action in which both the insurance company and attorneys were joined as defendants, stressing that inconsistent results could be reached in each case. The trial court appears to have found the attorneys are indispensable parties under the requirements of Fed.R.Civ.P. 19, and dismissed the action after weighing the factors set out in 19(b).
 
 
 21
 We hold this was not an appropriate ground for dismissal. Rule 19(a)(1) is inapplicable because Brown can get complete relief from AFM. To fall under 19(a)(2)(i), the attorneys must have an interest in the subject matter of the action so that their "absence may . . . as a practical matter impair or impede (their) ability to protect that interest . . . ." Certainly the attorneys' malpractice will be litigated in the suit against AFM. But the attorneys cannot be bound by the judgment because they are not parties nor do they control the litigation. If the insurance company should lose here the attorneys will have a full opportunity to contest any malpractice on their part before being held liable to the insurance company. See Willis v. Semmes, Bowen & Semmes, 441 F.Supp. 1235, 1246 (E.D.Va.1977); Wylain, Inc. v. Kidde Consumer Durables Corp., 74 F.R.D. 434 (D.Del.1977). See also, Milligan v. Anderson, 522 F.2d 1202 (10th Cir. 1975). The insurance company will adequately defend any charge of malpractice by the attorneys since its liability turns on this.
 
 
 22
 To fall within Rule 19(a)(2)(ii), someone already a party must be left "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations" because of the nonjoinder. Conceivably AFM could be found liable in this action and yet lose against the attorneys on the malpractice issue in a later suit. AFM can avoid this result, however, by joining the attorneys as third party defendants in the present action under Fed.R.Civ.P. 14. See Willis v. Semmes, Bowen & Semmes, 441 F.Supp. 1235, 1246 (E.D.Va.1977); 3 Moore's Federal Practice P 14.26 at 14-525 (2d ed. 1979 rev.). We cannot conclude, therefore, that AFM is subjected to a substantial risk of inconsistent obligations. Since 19(a) does not apply, 19(b) cannot be applied to dismiss the action. Morgan Guaranty Trust Co. v. Martin, 466 F.2d 593, 598 (7th Cir. 1972).
 
 
 23
 It concerns us, as it did the trial judge, to go forward with the federal action in view of the concurrent state suit, under the circumstances of this case. Only state law issues are involved here; there is no substantial federal interest in the litigation. Because the insurance company acted only through its attorneys, their malfeasance is necessarily the heart of Brown's case. Therefore, unless the federal case is dismissed the attorneys may be subjected to a public trial of their alleged malpractice in a single matter in two suits, with a substantial and unnecessarily prolonged chilling effect upon their reputations as attorneys. Also, by essentially forcing AFM to protect itself by joining the attorneys as third party defendants under Rule 14, the diversity jurisdiction requirements of the federal court are being circumvented. In the instant case Brown's quarrel seems to be essentially with the attorneys who handled his case, with respect to whom there is no diversity of citizenship, and not with the out-of-state insurer. Finally, Brown can try his case against all the parties in the state court, which case he is actively pursuing. There is a federal policy against multiple and piecemeal litigation. Nevertheless, we cannot affirm the dismissal of the action against AFM for breach of duty to defend on the grounds relied upon by the trial judge. On remand, however, the trial court may consider granting a discretionary stay under Will v. Calvert Fire Ins. Co., 437 U.S. 655, 98 S.Ct. 2552, 57 L.Ed.2d 504 (1978).
 
 III
 
 24
 THE GRANT OF SUMMARY JUDGMENT IN FAVOR OF USFIC
 
 
 25
 USFIC was sued in the same counts as AFM, discussed above. USFIC moved for summary judgment on both counts, supporting the motion with an affidavit showing it had issued a performance bond on the Shawnee County Commissioners, but had never carried any bond on the sheriff's department. Plaintiff did not respond to the motion.
 
 
 26
 USFIC had been joined as a defendant in the Hiett case also, and was released on a similar summary judgment motion. USFIC raised the prior judgment as collateral estoppel here, but the trial judge refused to grant the motion on this ground as unfair to Brown because he and USFIC were on the same side in the prior litigation. The court did grant the motion on the basis there was no genuine issue of material fact.
 
 
 27
 Fed.R.Civ.P. 56 gives the moving party the initial burden to show the absence of a genuine issue of material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Once a prima facie case has been made, the opposing party cannot rely on the pleading alone, but by affidavits or otherwise must show there is a genuine fact issue. Fed.R.Civ.P. 56(e). See Stevens v. Barnard, 512 F.2d 876, 878 (10th Cir. 1975).
 
 
 28
 The USFIC affidavit declared it did not insure the sheriff's department, did not have any obligation toward it to represent or advise anyone, and did not take part in any way in Hiett on behalf of the other parties. Since Brown did not choose to refute this, summary judgment was appropriately entered against him.
 
 
 29
 Brown argues on appeal that summary judgment cannot be granted before discovery is had. There is no such requirement in Rule 56. Subsection (a) provides that a motion can be filed At any time after twenty days from the start of the action or service of motion on the other party. Apparently in recognition of the type of problem raised here, subsection (f) allows a party who cannot respond to a motion without more information to apply for a continuance in order to make discovery. The trial court may postpone consideration of a summary judgment motion if the opposing party needs more time to discover.
 
 
 30
 Brown had ample opportunity to raise his objection in response to USFIC's motion to delay discovery until after consideration of the summary judgment request and its motion for summary judgment. No attempt on Brown's part to oppose either motion on this ground or to ask for a continuance in which to attempt discovery appears in the record. He was granted an extension of time to respond to Rule 56 and 12(b) motions, but did not mention the need for discovery. This Court has held, in a case squarely on point, that necessity of discovery before summary judgment cannot be raised on appeal if no complaint was made in the trial court. Adkins v. E. I. Du Pont De Nemours & Co., 181 F.2d 641, 642 (10th Cir.), Cert. denied, 340 U.S. 835, 71 S.Ct. 18, 95 L.Ed. 613 (1950).
 
 IV
 USFIC'S MOTION FOR AWARD OF DAMAGES AND COSTS
 
 31
 USFIC has filed a motion asking that we impose its attorney's fees and double costs on appellant Brown. Fed.R.App.P. 38 provides that the court of appeals can award damages and double costs to an appellee if it determines the appeal is frivolous.
 
 
 32
 The instant appeal is highly questionable but we do not think it warrants the application of Rule 38. Courts are reluctant to apply the sanction of Rule 38 absent highly unusual circumstances, and some courts even require a showing of bad faith. See, e. g., West Virginia v. Chas. Pfizer & Co., 440 F.2d 1079, 1092 (2d Cir.), Cert. denied, 404 U.S. 871, 92 S.Ct. 81, 30 L.Ed.2d 115 (1971); Fluoro Elec. Corp. v. Branford Assoc., 489 F.2d 320, 326 (2d Cir. 1973).
 
 
 33
 It is likely that Brown sued USFIC because it was a codefendant in Hiett. Whether he had a good faith belief that discovery would turn up facts showing USFIC's liability is uncertain. Obviously Brown never found such facts. He failed totally to respond to the summary judgment motion; he presented no basis for liability in this Court on appeal. The first suggestion that he even had a theory on which to base liability comes in response to defendant's motion for damages. Here he argues that USFIC is connected with the suit as bondholder for the Shawnee County Commissioners, who employed defendant Zima, and who approved the hiring of the attorneys to defend in Hiett. This is a very tenuous basis for liability to Brown on the charges alleged in the complaint.[3] We hesitate, however, to award attorney's fees and costs against him on the basis his claim is groundless on the merits when he has had no chance to discover. In addition, although we rejected Brown's argument on appeal that discovery was required before summary judgment could be granted, we do not find this argument to be so illogical as to be frivolous.
 
 
 34
 The judgment of the trial court is affirmed except as to the dismissal of the claim against AFM for breach of its duty to defend. On that aspect it is reversed and remanded for further proceedings.
 
 
 
 [1]
 18 U.S.C. § 241 was not mentioned in the docketing statement, and Brown makes no arguments on appeal under this section or 42 U.S.C. § 1985(2) (portion after the semicolon) and (3). We therefore find that the determinations under these sections were not appealed. See United States v. Ewing, 445 F.2d 945, 949 n. 8 (10th Cir. 1971), Vacated on other grounds, 413 U.S. 913, 93 S.Ct. 3031, 37 L.Ed.2d 1022 (1973)
 
 
 [2]
 Monell v. New York City Dept. of Social Serv., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), overruled Monroe v. Pape insofar as it held local governments were immune from suit under § 1983
 
 
 [3]
 Brown dismissed an almost identical action against USFIC in state court, although without prejudice. We can take judicial notice of this fact, See Landy v. Federal Deposit Ins. Corp., 486 F.2d 139, 151 (3d Cir. 1973), Cert. denied, 416 U.S. 960, 94 S.Ct. 1979, 40 L.Ed.2d 312 (1974), but believe it would be unfair to draw further conclusions from Brown's conduct of a separate action