**Harry A. BROWN, et al., Plaintiffs,**

v.

**Jack REARDON, et al., Defendants.**

Civ. A. Nos. 82–2127 to 82–2129, 82–2141, 82–2158, 82–2177 and 82–2240.

United States District Court,
D. Kansas.

Oct. 21, 1983.

petition.

John H. Fields, David W. Carson, Scott Asner, Carson, Fields, Boal, Jeserich & Asner, Kansas City, Kan., for plaintiffs.

J. Nick Badgerow, Kansas City, Kan., for Reardon.

Edward H. Powers, Sr., Kansas City, Kan., for City of Kansas City.

George Maier, Donald Ramsay, Overland Park, Kan., for Hanlon.

Edward M. Boddington, Jr., Kenneth E. Holm, Kansas City, Kan., for Zahnter.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

On October 13, 1983, the above-styled action came on for trial. On October 20, 1983, at the close of plaintiffs' evidence, defendants Jack Reardon, Patrick Hanlon and L.R. Zahnter moved for directed verdicts. The court granted the motions as to each defendant. This written memorandum and order, delineating more specifically the ruling of the court, reflects the court's ruling from the bench on that date.

These civil rights actions were brought by employees of the City of Kansas City, Kansas, based upon the provisions of 42 U.S.C. §§ 1983, 1985, 1986 and 1988. The court will address these provisions in reverse order.

### 42 U.S.C. § 1988

■ All lower federal courts have repeatedly rejected the argument that § 1988 independently creates a federal cause of action for violation of civil rights. Section 1988 merely instructs federal courts as to the law to apply in causes of action arising under federal civil rights acts, and authorizes the assessment of attorney's fees in some cases. *Moor v. County of Alameda,* 411 U.S. 693, 703–04, n. 17, 93 S.Ct. 1785, 1792–93, n. 17, 36 L.Ed.2d 596 (1973).

Section 1988 does not recognize or create the existence of an independent cause of action, and as such may not be used as the basis for asserting a civil rights violation. If plaintiffs are unable to independently establish a proper cause of action, as was the situation in the cases before this court, § 1988 will be of no assistance.

For these reasons, plaintiffs, claims based upon 42 U.S.C. § 1988 must fail.

### 42 U.S.C. §§ 1985 and 1986

■ These two sections must be addressed together inasmuch as § 1986 is dependent upon the existence of § 1985. *Brown v. Chaffee,* 612 F.2d 497, 502 (10th Cir.1979); *Taylor v. Nichols,* 558 F.2d 561, 568 (10th Cir.1977).

### A

■ For plaintiffs to have established a *prima facie* case under § 1985(3), they must have demonstrated by substantially competent evidence the existence of some racial or other class-based invidious discriminatory animus behind the actions of defendants. *Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971).

■ Upon being questioned specifically as to whether they were basing their claims on their race, sex, religion or national origin, each plaintiff responded in the

negative. Having thereby admitted their claims were not based on these traditionally-protected or more clearly defined classes, plaintiffs had the burden to show they were members of some other legally-recognized class. It was plaintiffs' claim they were members of a group or class who had opposed the political conduct of the defendants and as such had met the "class" requirement of § 1985(3).

Having heard the evidence, the court finds plaintiffs, although all were employees of the City of Kansas City, Kansas, were not members of a recognized class and they failed to show class-based discrimination sufficient to allow the invocation of § 1985(3) jurisdiction.

The court further notes that the "class" in which plaintiffs allege membership did not exist prior to the conduct of which plaintiffs complain. With regard to this, this court concurs with the opinion of Judge Frank Theis of this district in *Silkwood v. Kerr-McGee Corp.*, 460 F.Supp. 399 (W.D.Okla.1978), wherein he stated:

> "... this Court finds itself in agreement with the numerous courts who have rejected claims of class-based animus allegedly directed toward groups which did not tend to exist prior to the occurrence of the events set forth in the complaint and which tend to be defined by one particular activity or by plaintiff's individual situation...." *Id.* at 407.

█ Plaintiffs also failed to demonstrate any discriminatory class-based animus on the part of the defendants and directed to the "class." The language requiring intent to deprive equal protection or to deprive of equal privileges and immunities means that there must be some conspiracy aimed at deprivation of the equal enjoyment of rights secured by law to all. *Griffin v. Breckenridge, supra,* 403 U.S. at 88, 102, 91 S.Ct. at 1790, 1798. Plaintiffs produced no evidence that defendants had any knowledge or participation in the events of which plaintiffs complain.

### B

As previously stated, the right to recovery under § 1986 is directly contingent

upon the existence of a valid claim under § 1985. *Brown v. Chaffee, supra; Taylor v. Nichols, supra.*

This court, having determined that no cognizable claim lies under § 1985, must likewise find no valid claim was established under § 1986. Consequently, the court concludes, and so finds, that defendants are entitled to directed verdicts on plaintiffs' claims asserted under §§ 1985 and 1986.

### *42 U.S.C. § 1983*

█ Plaintiffs also brought this action based upon violations of 42 U.S.C. § 1983. Essentially, plaintiffs claimed the actions taken against them denied them procedural due process and otherwise violated 42 U.S.C. § 1983.

The United States Constitution does not require, before an employee is terminated, that an opportunity for hearing be provided that employee unless it can be shown that the decision to terminate the employee in some manner deprived the employee of an interest in "liberty" or that he had a "property" interest in continued employment. *Perry v. Sindermann*, 408 U.S. 593, 599, 92 S.Ct. 2694, 2698, 33 L.Ed.2d 570 (1972).

█ To establish a property interest in continued employment, a person must have more than an abstract need or desire for it. There must be more than a unilateral expectation of such employment. There must be a legitimate claim of entitlement to it. See *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972).

█ In the instant case, plaintiffs had no written contracts, no tenure and no reasonable expectations of continued employment with the City of Kansas City, Kansas. Consequently, plaintiffs were deprived of no property interest and were not deprived of any procedural rights which could result in a § 1983 violation. These plaintiffs were employees at will and, as such, had no protected property interest in continued

employment with the City of Kansas City, Kansas. The absence of any expectation of continued employment clearly defeats any procedural due process claim relied upon by plaintiffs. Moreover, the court finds that an adequate grievance procedure did exist, but that plaintiffs voluntarily chose not to pursue their grievances through the properly prescribed procedural steps.

 Plaintiffs also alleged that rights secured to them by the First Amendment were violated by defendants when action was taken against them in their employment on the basis of political considerations.

In order to establish a *prima facie* case on this claim, plaintiffs had to establish that a motivating or substantial factor in defendants' decision to terminate them was their failure to buy tickets or contribute to "The 83 Club." *Nekolny v. Painter*, 653 F.2d 1164, 1168 (7th Cir.1981).

The court finds plaintiffs failed to show that any of the activity regarding ticket sales or contributions to The 83 Club was tied in any manner to their resulting terminations. Plaintiffs failed to show that political considerations played any part, substantial or otherwise, in the selection process which was implemented to determine which employees would be laid-off. By failing to tie the political activity to the resultant lay-offs, plaintiffs failed to establish their § 1983 claims.

Although plaintiffs contended the evidence before the court established a case based on circumstantial evidence, and thus established a sufficiently submissible case to allow the action to proceed, the court finds the evidence was comprised of mere inference upon inference, and as such would dictate a jury verdict based purely upon speculation. It is a well established rule that "in order to warrant the submission of a crucial issue of fact to the jury for its determination, the evidence relating thereto must be based upon more than mere conjecture, speculation or surmise. It must rise above mere alternative possibilities. It must bring the theory upon which reliance is placed to the level and dignity of a reasonable probability." *Commercial Standard Ins. Co. v. Feaster*, 259 F.2d 210, 213 (10th Cir.1958).

The court finds that when the evidence, viewed in the light most favorable to the non-moving party, is considered by the court, it leaves no room for any reasonable difference of opinion as to how the case should be decided, and that the action is one properly dismissed upon the motions of defendants for directed verdicts.

IT IS BY THE COURT THEREFORE ORDERED that defendants' motions for directed verdicts are hereby granted.

IT IS FURTHER ORDERED that the date of this order will control the time for filing all post-trial motions.