995 F.2d 231
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re William A. DOUGLAS; Cathie A. Douglas, Debtors.
Cecil H. STORMS, Appellant,
v.
William A. DOUGLAS; Cathie A. Douglas, Appellees.
 No. 90-35275.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1993.*
Decided May 25, 1993.
 
 Before HUG, WIGGINS and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Cecil H. Storms appeals pro se[1] the Bankruptcy Appellate Panel's ("BAP") order affirming the Bankruptcy Court's order sustaining debtor William A. Douglas's objection to Storm's proof of claim. The proof of claim was based on a civil rights action Storms had filed against Douglas. We have jurisdiction pursuant to 28 U.S.C. § 158(d). We review de novo the BAP's order, Manufacturers Hanover v. Dewalt (In re Dewalt), 961 F.2d 848, 850 (9th Cir.1992), and we affirm.
 
 
 3
 * Background
 
 
 4
 In September 1985, while acting as County Attorney of Lincoln County, Montana, Douglas filed and prosecuted a felony aggravated assault charge against Storms. The charge was based upon Storms's threatening Ken Flanigan with a gun during a dispute. Storms entered into a plea bargain agreement with Douglas, under which Storms would plead guilty to a reduced charge of misdemeanor assault and accept a punishment of 60 days in jail plus a fine.
 
 
 5
 Following Storms's plea agreement but prior to Storms's sentencing, Flanigan and Douglas entered an agreement, pursuant to which Douglas would represent Flanigan on a contingent fee basis in a civil action against Storms for damages arising out of the same facts giving rise to the criminal assault charges. Following Storms's sentencing, Douglas filed a civil action against Storms on Flanigan's behalf.
 
 
 6
 On September 29, 1987, Storms filed a 42 U.S.C. § 1983 action seeking monetary damages against Douglas, alleging that Douglas violated Storms's civil rights by prosecuting Storms while representing Flanigan.[2] Storms alleged this dual representation constituted a conflict of interest and deprived him of property in violation of the Constitution.
 
 
 7
 On April 27, 1988, Douglas filed a bankruptcy petition under Chapter 11. Storms filed a proof of claim based on his unliquidated and disputed civil rights action against Douglas. Douglas objected to the proof of claim. On April 28, 1989, the Bankruptcy Court sustained Douglas's objection to the proof of claim, determining that Douglas was entitled to prosecutorial immunity from Storms's civil rights action. Storms appealed to the BAP, which affirmed the Bankruptcy Court's order on February 26, 1990. Storms timely appeals the BAP's order.
 
 II
 Analysis
 
 8
 Storms contends that because Douglas had a conflict of interest when he prosecuted Storms, Douglas was not entitled to prosecutorial immunity. This contention lacks merit.
 
 
 9
 A prosecuting attorney who initiates and prosecutes a criminal action is immune from a civil suit for money damages under 42 U.S.C. § 1983. Imbler v. Pachtman, 424 U.S. 409, 431 (1976). Absolute immunity applies only when the challenged activity is "intimately associated with the judicial phase of the criminal process." Id. at 430. "[P]rosecutors are absolutely immune for quasi-judicial activities taken within the scope of their authority." Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir.1986) (en banc). Neither a conspiracy nor a personal interest will pierce a prosecutor's absolute immunity. Id.
 
 
 10
 Here, Storms's civil rights complaint alleged that Douglas's involvement in the criminal and civil actions against Storms deprived Storms of his constitutional rights. Nevertheless, the ultimate acts Storms alleges deprived him of his constitutional rights were quasi-judicial acts within the scope of Douglas's authority as County Attorney. Thus, Douglas was entitled to absolute immunity.[3] See Imbler, 424 U.S. at 430-31. Any self interest that may have influenced Douglas would not pierce the immunity otherwise available. See Ashelman, 793 F.2d at 1078. Accordingly, we affirm the BAP's order.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 After filing his opening brief, Storms substituted himself, pro se, in place of retained counsel Samuel Coon, Esq
 
 
 [2]
 Storms also listed 42 U.S.C. § 1985 as the basis for his action. The complaint, however, contained no allegation or factual contention that would support a claim of conspiracy
 
 
 [3]
 In his brief, Storms also claims that Douglas's initiation of Flanigan's civil action against Storms violated Storms's constitutional rights. Because, however, Douglas was not acting as a state actor when he represented Flanigan in the civil suit, Storms failed to state a cause of action under section 1983. See 42 U.S.C. § 1983. Accord Brown v. Chaffee, 612 F.2d 497, 501 (10th Cir.1979) (attorneys do not act under color of state law by engaging in private litigation on behalf of clients)