664 F.2d 812
 Edwin Dean WIGGINS, Plaintiff-Appellant,
v.
NEW MEXICO STATE SUPREME COURT CLERK, First Judicial
District Court of New Mexico, and Felix Rodriguez, former
Warden of the New Mexico Penitentiary, each as individuals
and in their official capacities, Defendants-Appellees.
 No. 79-2104.
 United States Court of Appeals,
Tenth Circuit.
 Submitted Oct. 1, 1981.
Decided Nov. 24, 1981.
 
 Stephen M. Duncan and H. Jeffrey Bayless of Morrison & Foerster, Denver, Colo., for plaintiff-appellant.
 Jeff Bingaman, Atty. Gen., and Frank A. Murray, Asst. Atty. Gen., of the State of N. M., Santa Fe, N. M., for defendants-appellees.
 Before McWILLIAMS, BARRETT and SEYMOUR, Circuit Judges.
 BARRETT, Circuit Judge.
 
 
 1
 This appeal involves a challenge by Edwin Dean Wiggins (Wiggins), an inmate of the New Mexico State Penitentiary, to the District Court's dismissal of his 42 U.S.C.A. § 1983 complaint against various New Mexico officials as frivolous and without merit. Wiggins alleged that he was improperly denied state habeas corpus relief; denied his prisoner status rights-privileges; and that he was wrongfully disciplined by state prison authorities without any due process proceedings. Wiggins sought monetary damages.
 
 
 2
 A review of pertinent facts should aid in placing the case in focus.
 
 
 3
 The record before us does not reflect the nature of the charges for which Wiggins was incarcerated in September, 1972, following New Mexico state court conviction. We learn, however, that he was yet incarcerated pursuant to such sentence on October 4, 1979.
 
 
 4
 In March of 1973, Wiggins was placed on a "meritorious good time" status which would permit him to accrue "good time credits" toward the reduction of his prison term. In September of 1974, Wiggins was transferred from the penitentiary proper to the prison honor farm at Las Lunas, New Mexico, where he was able to earn additional good time credits and also participate in a broad range of rehabilitation programs. These programs, in Wiggins' case, involved his enrollment at the University of New Mexico for the Spring semester of 1975, as well as his performance of tutoring services as a special aide. The "school release program" in which Wiggins was allowed to participate permitted him to travel from Las Lunas to the University of New Mexico campus. It appears that he may have been granted permission to travel off of the campus when required to do so for purposes of the work release program.
 
 
 5
 On or about March 22, 1975, the director of the honor farm received a phone call inquiring about Wiggins' presence at the University of Albuquerque. A cursory check failed to elicit an explanation of Wiggins' activities and, apparently, his whereabouts. Thereafter, Wiggins was detained and returned to the penitentiary, where he was placed in administrative segregation in a cellblock housing inmates requiring special control or protection. Wiggins remained there for fourteen days without being confronted with any charges or without official explanation or inquiry. Wiggins was thereafter summarily deprived of all privileges he had been accorded at the honor farm, taken off of meritorious good time, deprived of honor status, and removed from school and work release programs. His educational and work-study grants were declared forfeited, and Wiggins' tentative release date was extended for seven years. These actions were taken without resort to established and prescribed administrative procedures.
 
 
 6
 The above facts and conclusions are derived from a memorandum opinion filed by Honorable E. L. Mechem, United States District Judge, District of New Mexico, who granted Wiggins federal habeas corpus relief when he ordered that Wiggins be returned to the honor farm and restored to the status quo ante. (R., Vol. I, pp. 7-11). The Court there specifically found that Wiggins had been deprived of his constitutional due process rights by virtue of the failure of the prison officials to follow their own regulations and procedures, the consequences of which increased the duration of his confinement and had direct and negative impact upon Wiggins' chances for parole. See Wiggins v. Rodriguez, Unpublished No. 75-334-M (D.C.N.M., February 13, 1976).
 
 
 7
 This, then, was the setting when Wiggins initiated his 42 U.S.C.A. § 1983 complaints.
 
 I.
 
 8
 Following the grant of federal habeas corpus relief, supra, Wiggins filed the first of two 42 U.S.C.A. § 1983 complaints in the United States District Court for the District of New Mexico, both of which were heard by Honorable Santiago E. Campos, United States District Judge for the District of New Mexico.
 
 
 9
 The first complaint, filed June 21, 1979, named as defendant "New Mexico Supreme Court Clerk-Rose Marie Aiderette." The predicate of this complaint was that inasmuch as federal habeas corpus relief had been granted, the action of the New Mexico Supreme Court in denying Wiggins state habeas corpus relief on identical claims constituted a violation of Wiggins' fifth and fourteenth amendment rights, entitling him to $1,000.00 as forfeiture damages for wrongful denial of such relief pursuant to N.M.Stat.Ann. § 44-1-8, which provides:
 
 
 10
 If any officer herein authorized to grant writs of habeas corpus willfully refuses to grant such writ when legally applied for, he shall forfeit for any such offense, to the party aggrieved, one thousand dollars (($1,000)). (Emphasis supplied).
 
 
 11
 The record indicates that prior to the commencement of the aforesaid federal habeas corpus proceeding, Wiggins had filed habeas corpus actions in the First Judicial District Court of New Mexico and in the New Mexico Supreme Court. Those courts, unlike the federal district court, denied Wiggins any habeas corpus relief.
 
 
 12
 Wiggins' § 1983 claim for relief (he obtained all other practical relief in his federal habeas corpus proceeding) is the $1,000.00 damage award sought pursuant to N.M.Stat.Ann. § 44-1-8, supra. In Judge Campos' order dismissing Wiggins' complaint, sua sponte, as frivolous and without merit under 28 U.S.C.A. § 1915(d), the Court observed that any right Wiggins may have under the subject state statute constitutes a state cause of action for alleged violation of a state statute, and that, as such, Wiggins does not have a civil rights action in federal court. Further, however, the Court found/concluded:
 
 
 13
 Even if this court had subject matter jurisdiction, relief would not be granted. Plaintiff has incorrectly named the Clerk of the Supreme Court as defendant. The proper defendant appears to be the New Mexico Supreme Court and as such they are cloaked with absolute immunity while exercising their official functions and duties. Dow (sic) v. McMillan, 412 U.S. 306 (93 S.Ct. 2018, 36 L.Ed.2d 912) (1972); Smith v. Losee, 485 F.2d 334 (10th Cir. 1973).
 
 
 14
 (R., Vol. I, p. 29).
 
 
 15
 We agree. When Wiggins refiled the action some three months later, his complaint designated and named, as parties defendants, the New Mexico Supreme Court and the First Judicial District Court of New Mexico, the clerks of both courts, and Felix Rodriguez, former warden of the New Mexico penitentiary, each as individuals and in their official capacities. Three days later, on September 27, 1979, the District Court entered its memorandum opinion and order, sua sponte, again dismissing Wiggins' complaint as frivolous and without merit, pursuant to 28 U.S.C.A. § 1915(d). The Court again applied the same rationale of immunity as that set forth above in relation to the members of the New Mexico state courts and the named clerks. We agree.
 
 
 16
 The test of legal frivolity is whether a plaintiff can make a rational argument on the law and facts in support of his claims. Bennett v. Passic, 545 F.2d 1260 (10th Cir. 1976).
 
 
 17
 Insofar as the clerks of the respective courts are concerned, it is obvious that they do not grant writs of habeas corpus. Courts alone are so authorized and empowered. Furthermore, we fully agree with this language contained in Blouin v. Dembitz, 367 F.Supp. 415 (S.D.N.Y.1973), aff'd, 489 F.2d 488 (2d Cir. 1973):
 
 
 18
 Statutes and ruling case law protecting state judges in the discharge of their functions may not be circumvented or vitiated, by pretending to maintain this suit also against their "clerks, servants and agents" for no court can discharge its judicial duties without the aid of clerks, servants and agents.
 
 
 19
 367 F.Supp. at p. 422.
 
 
 20
 It is well settled that judges have absolute immunity from liability for damages for acts committed within the apparent scope of their judicial duties. Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978), reh. denied, 436 U.S. 951, 98 S.Ct. 2862, 56 L.Ed.2d 795 (1978); Doe v. McMillan, 412 U.S. 306, 93 S.Ct. 2018, 36 L.Ed.2d 912 (1972); Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); Smith v. Losee, 485 F.2d 334 (10th Cir. 1973), cert. denied, 417 U.S. 908, 94 S.Ct. 2604, 41 L.Ed.2d 212 (1974).
 
 
 21
 Thus, we affirm the District Court's dismissal of Wiggins' complaint directed to the members of the named New Mexico state courts and the respective clerks of those courts.
 
 
 22
 We turn now to the query whether the District Court's dismissal of the § 1983 complaint as to Felix Rodriguez must be reversed and set aside. We conclude that the dismissal of the complaint as to Rodriguez is supported by the record. We do so fully cognizant of the commands of Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), i. e., that pro se civil rights complaints of prisoners seeking damages for claimed injuries and deprivation of rights while incarcerated are to be held to less stringent standards than formal pleadings drafted by lawyers.
 
 
 23
 The District Court dismissed the Wiggins claim against former warden Felix Rodriguez on this basis:
 
 
 24
 Plaintiff's second claim must also fail. This claim has also been previously presented to this Court. However, only habeas corpus relief was sought. Edwin Dean Wiggins v. Felix Rodriguez, United States District Court No. 75-334-M Civil. Relief was granted to plaintiff as he was restored to his status prior to his seizure. The records submitted in the prior case conclusively show that defendants did not act with malice or deliberate indifference to plaintiff's rights. As such monetary damages are not appropriate in this case and since petitioner has already received the equivalent of injunctive relief, no further relief may be obtained.
 
 
 25
 (R., Vol. I, p. 34).
 
 
 26
 We have no means in the record before us on appeal to weigh the District Court's finding that the records in the prior case conclusively show that Rodriguez and other defendants did not act with malice or deliberate indifference, inasmuch as those records are not before us on appeal. Thus, we cannot rely on the District Court's finding based on those records. That is not to say, however, that we dispute the Court's finding. The matter is simply not properly before us for review.
 
 
 27
 We respectfully disagree with the District Court's implied ruling that because Wiggins did not combine his 42 U.S.C.A. § 1983 claim for damages with his federal habeas corpus action, No. 75-344-M Civil, supra, that the damage claim may not be raised in an independent § 1983 action. In Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), the Supreme Court held that although a § 1983 claim of constitutional deprivation could be litigated simultaneously with a federal habeas corpus action, joinder of the actions is not required. Even though judicial time and resources would be preserved by such joinder, we cannot now hold that joinder was required.
 
 
 28
 It is our view, however, that there exists an independent basis, with firm roots in the record, supporting the District Court's dismissal of the Wiggins § 1983 complaint against former warden Felix Rodriguez. That basis is this: Nothing in the record before us discloses a single allegation of direct, personal action on the part of Rodriguez in regard to the alleged deprivations, either by participation or acquiescence. The Wiggins § 1983 complaint contains only bare conclusory allegations in justification of the damage claim against Rodriguez, to-wit: (a) that as one of the defendants, he did "knowingly, willfully, and intentionally" show "gross disregard" for Wiggins' fifth and fourteenth amendment rights, (b) that Rodriguez "showed gross disregard" for Wiggins' civil and constitutional rights in allowing Wiggins to be subjected to cruel and unusual punishment in administrative segregation without due process of law, and (c) that Rodriguez should be found in contempt of the Court's order, and caused to pay damages "for the loss of any and all finances, work study and grant monies and damages for the injury of (Wiggins') loss of family, friends, social relations, ETC ... " (R., Vol. I, pp. 3, 5).
 
 
 29
 In considering the District Court's dismissal of the Wiggins complaint against Rodriguez, we note that an appellate court may affirm a trial court's decision upon any theory which finds support in the record. Volis v. Puritan Life Ins. Co., 548 F.2d 895 (10th Cir. 1977); Fleming Bldg. Co. v. Northeastern Oklahoma Bldg., 532 F.2d 162 (10th Cir. 1976); Pound v. Insurance Company of North America, 439 F.2d 1059 (10th Cir. 1971); 10 Wright and Miller, Federal Practice and Procedure, § 2716, pp. 439-441.
 
 
 30
 In Keyes v. School District No. 1, Denver, Colorado, 521 F.2d 465 (10th Cir. 1975), cert. denied, 423 U.S. 1066, 96 S.Ct. 806, 46 L.Ed.2d 657 (1976), we said:
 
 
 31
 An appellate court will affirm the rulings of the lower court on any ground that finds support in the record, even where the lower court reached its conclusions from a different or even erroneous cause of reasoning. (Citations omitted).
 
 
 32
 521 F.2d at pp. 472, 473.
 
 
 33
 Kite v. Kelley, 546 F.2d 334 (10th Cir. 1976) involved a civil rights action filed against various named F.B.I. agents who allegedly violated the plaintiff's constitutional rights by giving his employer information relating to his arrest record. While the allegations in the complaint were apparently sufficient to submit the case, the district court's directed verdict in favor of the defendants was affirmed on the basis that superiors of F.B.I. agents named as defendants (the Attorney General of the United States and the Director of the F.B.I.) were not shown to have:
 
 
 34
 ... instigated the investigation of plaintiff, directed its course, participated or acquiesced therein. There is no proof of lack of training or of declaration of wrongful policy.... In sum, plaintiff failed to establish the "affirmative link" which Rizzo (Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976)) requires.
 
 
 35
 546 F.2d at p. 338.
 
 
 36
 This court has held that a cause of action under § 1983 has been adequately plead and stated where the complaint alleged that a chief of police was liable for failure to establish proper procedures or to adequately train or supervise personnel in his department which led to the deprivation of a prisoner's constitutional rights. Dewell v. Lawson, 489 F.2d 877 (10th Cir. 1974).
 
 
 37
 Here, the complaint dismissed as to former warden Felix Rodriguez fails utterly to contain any factual allegations of wrongdoing attributable to Rodriguez, either by direct action or inaction. Thus, the complaint fails to state a cause of action upon which relief may be granted.
 
 
 38
 In Brown v. Chaffee, 612 F.2d 497 (10th Cir. 1979) this court observed:
 
 
 39
 To recover under 42 U.S.C.A. § 1983 Brown must show defendants acted "under color of law"... Although pleadings are to be construed liberally, the complaint must contain adequate facts to support this element of the cause of action. See Dewell v. Lawson, 489 F.2d 877, 879-80 (10th Cir. 1974).
 
 
 40
 ... We find no allegation in the pleadings of how Chaffee misused the authority granted him as sheriff to injure Brown during the defense in the Hiett case. Chaffee's position as sheriff does not make his every action one under color of law; only when he is using the power granted by the state does it become state action.
 
 
 41
 The complaint asserts Chaffee was Brown's superior officer "with the power to hire and fire him and with the power to jeopardize plaintiff's future as a law enforcement officer." But Brown does not allege any actions by Chaffee that might constitute misuse of these powers. (Emphasis supplied).
 
 
 42
 612 F.2d at p. 501.
 
 
 43
 In Bennett v. Passic, 545 F.2d 1260 (10th Cir. 1976), we held that no claim under 42 U.S.C.A. § 1983 was stated:
 
 
 44
 With respect to Bennett's claim that certain items of clothing disappeared ... Bennett fails to allege that the clothing was his, that any one of the defendants caused the disappearance, that the clothing would in fact have been introduced into evidence on his behalf, or that his inability to introduce it contributed to his conviction, that the items of clothing were improperly seized from him, or that he is entitled to compensation for the loss of the clothing. The claim is frivolous.
 
 
 45
 545 F.2d at p. 1264.
 
 
 46
 Even a pro se civil rights complaint must abide reasonable pleading standards. This requirement is, in our view, the more compelling in the instant case insofar as Wiggins seeks monetary damages against former Warden Rodriguez personally inasmuch as Wiggins filed the § 1983 complaint with full knowledge of the facts and circumstances surrounding his prior, successful federal habeas corpus proceeding, the record of which was available for specific factual reference in support of alleged actions or inactions attributable to former Warden Rodriguez. We are not unmindful that former Warden Rodriguez was not joined as a party defendant in Wiggins' original § 1983 complaint predicated on identical operative facts and circumstances.
 
 
 47
 The District Court did not err in dismissing the Wiggins complaint as against Rodriguez. In the event that Wiggins should refile a § 1983 complaint against Rodriguez, we suggest that if the complaint withstands the frivolous test of Section 1915(a) and (d) and any other motions for dismissal, the parties and the Court may wish to make the federal habeas corpus proceeding record relied upon by the District Court for dismissal of the claim against Rodriguez (R., Vol. I, p. 34) part of such record. In addition, we suggest that the procedures, order and practice expressly approved by this Court in Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978) may be applicable.
 
 III.
 
 48
 The appellees urge that, in any event, the Wiggins action is barred by the applicable New Mexico statute of limitations. While this contention may have merit, we cannot reach or here decide the issue.
 
 
 49
 In view of the fact that the District Court dismissed the Wiggins complaints sua sponte before the defendants-appellees (represented by the Attorney General of the State of New Mexico) filed any responses, there could be no waiver, as suggested by Wiggins, for failure of the defendants to raise this defense. This is so simply because the Court dismissed the Wiggins complaints sua sponte prior to any affirmative pleading by the defendants. Accordingly, although the defense has not been waived, it cannot be decided initially by the court of appeals.
 
 
 50
 WE AFFIRM.
 
 SEYMOUR, Circuit Judge, dissenting:
 
 51
 I cannot agree with the majority's conclusion that Wiggins has failed to state a claim against Rodriguez under 42 U.S.C. § 1983,[1] and that we can therefore properly affirm dismissal of Wiggins' complaint.
 
 
 52
 Allegations in a prisoner's pro se civil rights complaint are to be held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972). "Such a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hughes v. Rowe, 449 U.S. 5, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980) (emphasis added).
 
 
 53
 As the majority correctly points out, Wiggins alleged that Rodriguez "knowingly, wilfully and intentionally ... showed gross disregard for plaintiffs' (sic ) civil and constitutional rights in allowing plaintiff to be subjected to cruel and unusual punishment in admin(istrative) seg(regation) w/out due process of law as required by law. (See Exhibit 'A')." Rec., vol. I, at 3. Attached to Wiggins' complaint as Exhibit A is a copy of the memorandum opinion of the district court that granted habeas corpus relief to Wiggins based on the same facts underlying his section 1983 claim. The habeas court ruled that Wiggins was denied due process by officials of the New Mexico state penitentiary when they revoked his honor status, removed him from a school release program, and put him in administrative segregation without following their own procedures.
 
 
 54
 The case of Kite v. Kelley, 546 F.2d 334 (10th Cir. 1976), makes it clear that under section 1983, "a superior may be held for acts of an inferior (if) the superior, expressly or otherwise, ... acquiesced in the constitutional deprivations of which complaint is made." Id. at 337. Wiggins' allegation that Rodriguez knowingly allowed the constitutional violation to occur must be taken as true for purposes of a motion to dismiss. Hughes, 101 S.Ct. at 176. Given that allegation, which is sufficient to assert acquiescence in prohibited conduct, I cannot agree that beyond doubt Wiggins can prove no facts in support of his section 1983 claim.
 
 
 55
 I am convinced that dismissal of this action is improper under the Supreme Court guidelines recently articulated in Hughes. I would reverse.
 
 
 
 [1]
 Contrary to the statement by the majority that Wiggins' section 1983 claim for relief consisted only of the $1,000 state damage award, Wiggins also seeks from Rodriguez "damages for the loss of any and all finances, work study and grant monies and damages for the injury of def. loss of family...." Rec., vol. I, at 5