915 F.2d 1557
 Unpublished Disposition
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
John J. GOSSELIN, Petitioner, Appellant,
v.
Michael J. CUNNINGHAM, etc., Respondent, Appellee.
 No. 90-1008.
 United States Court of Appeals, First Circuit.
 Sept. 19, 1990.
 
 Appeal From The United States District Court For The District of New Hampshire Shane Devine, District Judge.
 John J. Gosselin on brief, pro se.
 John P. Arnold, Attorney General and David S. Peck, Senior Assistant Attorney General on brief, for appellee.
 D.N.H.
 AFFIRMED.
 Before BREYER, Chief Judge, and LEVIN H. CAMPBELL and CYR, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant, Mr. Gosselin, appeals from a district court order approving a magistrate's Report and Recommendation that Mr. Gosselin's complaint be dismissed for failure to state a cause of action. We hold that the district court's dismissal was correct for the reasons stated therein. In addition appellee's motion seeking to strike pages 10-27 in the appendix and any references thereto in the text of appellant's brief is hereby granted.
 
 Background
 
 2
 Mr. Gosselin is currently serving a life sentence in the New Hampshire State Prison as a result of his criminal conviction for second degree murder. He is being held in the Special Housing Unit ("SHU") of the prison, and is classified as a maximum security inmate.
 
 
 3
 Mr. Gosselin, as a pro se litigant, filed a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254, in which he alleged that certain items of personal property, principally office supplies, were improperly taken from his cell by corrections officers, that he was required to send out additional property which would not fit in the footlocker in his cell, that under the rules of the prison as stated in the Manual for the Guidance of Inmates he was permitted to have this property in his cell, and that the corrections officers failed to follow proper procedure concerning the removal of the disputed property from his cell. Mr. Gosselin further alleged that because many of the materials removed from his cell were reference materials, and because he considers the legal library at the New Hampshire State Prison to be "grossly inadequate", his right of access to the court under both the Federal Constitution and the New Hampshire state constitution has been violated.
 
 
 4
 The magistrate who reviewed Mr. Gosselin's petition observed that Mr. Gosselin's complaints concerned the conditions of his confinement, not its validity or length, and therefore habeas corpus was an inappropriate means of obtaining relief. However, because Mr. Gosselin was a pro se litigant, the magistrate held that he was entitled to have his pleadings liberally construed, and he therefore treated Mr. Gosselin's petition as a civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983.
 
 
 5
 Even so, the magistrate deemed only one claim to have facts sufficient to merit the court's consideration: whether the removal of Mr. Gosselin's personal property from his cell violated the Fourteenth Amendment of the Constitution to the United States and part I, articles 12 and 15 of the New Hampshire Constitution. The magistrate then cited Hudson v. Palmer, 468 U.S. 517 (1984), which held that even when inmates are intentionally deprived of property, the Fourteenth Amendment to the Constitution is not violated unless there is no adequate state post-deprivation remedy available. The magistrate observed that New Hampshire RSA 541-B provides for the filing and disposition of property claims against the State of New Hampshire, that Mr. Gosselin neither attempted to file thereunder nor argued that to do so would be futile, and that, absent a showing to the contrary, RSA 541-B would be deemed an adequate post-deprivation remedy. Consequently, the magistrate recommended that the complaint be dismissed for failure to state a cause of action under 42 U.S.C. Sec. 1983. The magistrate did not consider it necessary to address the purely state law issues because, absent a cause of action under the Federal Constitution, the court would not be able to exercise its pendent jurisdiction.
 
 Discussion
 
 6
 Mr. Gosselin's claim fails to state a cause of action in at least two respects. First, Mr. Gosselin failed to make any specific allegations against the named defendant, the warden of the prison. As principles of respondeat superior do not apply in section 1983 cases, failure to make any such specific allegations is treated as a failure to state a claim. Second, as the magistrate noted, Mr. Gosselin has not taken advantage of the existing post deprivation remedies.
 
 
 7
 No alleged wrong-doing on the part of the warden
 
 
 8
 Mr. Gosselin named the warden, Mr. Michael Cunningham, as defendant in his petition. Nonetheless, the only allegation raised against Mr. Cunningham is that he is the warden of the prison in which Mr. Gosselin is incarcerated. Appendix at 1. Mr. Gosselin did not allege any misconduct by personal action or acquiescence on the part of Mr. Cunningham. Mr. Gosselin's complaints concerned the actions taken by two correctional officers when the contested property was removed from Mr. Gosselin's cell. Mr. Gosselin acknowledged that the existing procedures were adequate, but complained that the procedures themselves were violated by these correctional officers.
 
 
 9
 The theory of respondeat superior does not apply in section 1983 cases. Pinto v. Nettleship, 737 F.2d 130, 132 (1st Cir.1984); Kosta v. Hogg, 560 F.2d 37, 40 (1st Cir.1977). This means that in a situation such as Mr. Gosselin's, where there is a chain of command or a bureaucratic hierarchy, the plaintiff must sue the person who committed the alleged wrong (specifying in some detail what the person did), not his superior or his employee unless the plaintiff can show that the named defendant somehow, by act or omission, should also be held responsible. Because Mr. Gosselin sued the warden instead of the corrections officers, but failed to allege any wrong on the part of the warden, his petition in fact failed to state a claim for denial of property without due process and was properly dismissed. See Wiggins v. New Mexico State Supreme Court Clerk, 664 F.2d 812, 816-17 (10th Cir.1981).
 
 
 10
 Deprivation of Property: Adequacy of existing remedies
 
 
 11
 Courts will not find a denial of due process in a deprivation of property case when the procedures in place are adequate, and the deprivation is the result of the failure of the state's agents to follow that procedure. This is true whether the loss is unintentional, Parratt v. Taylor, 451 U.S. 527 (1980), or intentional, Hudson v. Palmer, 468 U.S. 517 (1984). Because Mr. Gosselin has not yet tried New Hampshire's remedies, and therefore New Hampshire has not yet refused to provide a remedy, Mr. Gosselin cannot argue that he has been deprived of property without due process. Decker v. Hillsborough County Attorney's Office, 845 F.2d 17 (1st Cir.1988).
 
 
 12
 Mr. Gosselin argued that RSA 541-B does not provide adequate relief because it allows only money damages whereas Mr. Gosselin is seeking to have his property returned. To the extent Mr. Gosselin is complaining about the office supplies the guards allegedly took, he gives no indication why monetary relief is inadequate. In any event, the Supreme Court has unambiguously held that "[a]lthough the state remedies may not provide the respondent with all the relief which may have been available if he could have proceeded under section 1983, that does not mean that the state remedies are not adequate to satisfy the requirements of due process." Parratt v. Taylor 451 U.S. 527, 544 (1980). In other words, Mr. Gosselin's dissatisfaction with the relief available under New Hampshire law does not negate the fact that relief exists.
 
 
 13
 To the extent that Mr. Gosselin may have been complaining that the restrictions on the amount of materials he may keep in his cell coupled with the alleged inadequacy of the law library operate effectively to deny him access to the courts, we conclude that the dismissal of the complaint should be without prejudice to the plaintiff's filing a new complaint spelling out his claim in greater detail. The allegations made in the present "habeas corpus" petition failed to set forth any subsidiary facts explaining why the law library is "grossly inadequate" (for example, plaintiff did not indicate what research materials he feels are needed) or why or how a restriction on personal property to that which can be fit into a foot locker hampers his legal endeavors. Consequently, he failed adequately to outline any constitutional violation. However, as we cannot say at this preliminary pleading stage that plaintiff necessarily will be unable to allege sufficient facts to state a constitutional claim, we think plaintiff should have a further opportunity to state his claim. See Neitzke v. Williams, 109 S.Ct. 1827 (1989).
 
 Motion
 
 14
 Appellee's motion to strike portions of the appendix and brief is also granted for the following reasons.
 
 
 15
 The record on appeal is limited to the original papers and exhibits filed in the district court and a certified copy of the docket entries. Fed.R.App.P. 10(a). Mr. Gosselin filed a two-page petition for writ of habeas corpus, a two-page objection to the United States Magistrate's report and recommendation, and the notice of appeal. The contents of the appendix are limited to parts of the record, Fed.R.App.P. 30(a) while relevant statutes and rules may be included in the addendum, id. 28(f).
 
 
 16
 Mr. Gosselin erred when he included documents other than parts of the record, statutes and rules in the appendix which he compiled and submitted with his brief. The incorrectly included documents are found on pages 10-27 of the appendix and are hereby stricken. Mr. Gosselin relied upon these documents in his brief, so any references or arguments based upon the stricken portion of his brief are also hereby stricken.
 
 Conclusion
 
 17
 We agree with the district court's conclusions that the plaintiff failed to state a claim for deprivation of property without due process. Our affirmance, however, is without prejudice to plaintiff's filing a new complaint addressed to the other constitutional claim. The new complaint should not simply assert conclusions, but rather should set forth underlying facts.