974 F.2d 1345
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 William L. ECHOLS, Plaintiff-Appellant,
and
Saneh L. Echols, William J.B. Echols, Michah S. Echols,
Courtney P. Echols, Plaintiffs,
v.
AMERICAN FORK INVESTORS, a California Limited Partnership,
doing business as American Self Storage; Steven J. Nelson,
Randy Mellor, by and through their attorney, Lynn P. Heward;
John Backlund, Judge of the Fourth Circuit Court; Joseph
Dimick, Judge of the Fourth Circuit Court; Anthony R.
Fernlund, Constable; Michael Erickson, Deputy Constable of
Utah County; Russell W. Bench, Judge of the Utah Court of
Appeals; Norman H. Jackson, Judge of the Utah Court of
Appeals; Gregory K. Orme, Judge of the Utah Court of
Appeals; Regnal W. Garff, Jr., Judge of the Utah Court of
Appeals; Judith M. Billings, Judge of the Utah Court of
Appeals; Pamela T. Greenwood, Judge of the Utah Court of
Appeals; Richard C. Davidson, Judge of the Utah Court of
Appeals; Geoffrey J. Butler, Clerk of the Utah Supreme
Court, Defendants-Appellees.
 Nos. 91-4162, 92-4009.
 United States Court of Appeals, Tenth Circuit.
 Aug. 17, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff William L. Echols, appearing pro se, brought this civil rights action against the following groups of defendants: (1) Judges John Backlund and Joseph Dimick, Judges of the Fourth Circuit Court for the State of Utah in American Fork, Utah; Judges Russell W. Bench, Norman H. Jackson, Gregory K. Orme, Regnal W. Garff, Judith M. Billings, Pamela T. Greenwood, and Richard C. Davidson, Judges of the Utah Court of Appeals; and Geoffrey J. Butler, the Clerk of the Utah Supreme Court (hereafter collectively the "State Defendants"); (2) Constable Anthony R. Fernlund and Deputy Constable Michael Erickson, constables for Utah County; and (3) American Fork Investors, a California Limited Partnership d/b/a American Self Storage ("American"); and American's principals, Steven J. Nelson and Randy Mellor, and Nelson's and Mellor's attorney, Lynn P. Heward. Echols purported to file the action on behalf of his wife, Saneh, and his three minor children.
 
 
 3
 This case stems from a lawsuit American filed against Echols in Fourth Circuit Court, involving a dispute concerning a storage unit rental agreement entered into between Echols and American. The court ultimately granted summary judgment against Echols, directing him to vacate the self-storage units owned by American and which Echols had been occupying and entering judgment for American for unpaid rent, damages and attorneys fees. The Utah Court of Appeals affirmed that decision, and the Utah Supreme Court denied Echols' petition for writ of certiorari. Among the many orders and rulings entered in this case was one finding Echols in contempt of court for refusing to answer questions posed by Judge Backlund, for which Echols was jailed. Additionally, a writ of execution and Order of Sale was issued, directing the seizure and sale of Echols' property to satisfy the judgment entered against him, and the two defendant constables eventually conducted a sale.
 
 
 4
 Echols then brought this action in the United States District Court for the District of Utah, asserting that various decisions entered by the State defendants violated his constitutional rights.
 
 
 5
 All the defendants filed motions to dismiss the action. Through a series of orders, the district court: (1) granted the motions to dismiss with prejudice of the seven Utah Court of Appeals Judges and Supreme Court Clerk Butler, as well as the two circuit court judges, on the basis that they are entitled to judicial immunity; (2) instructed Echols that he could not represent his wife and children; and (3) after granting several extensions of time in which to file an amended complaint against the remaining defendants, dismissed the amended complaint with prejudice as to all remaining defendants, holding that the constables were performing their duties under order of the state court and that Echols had failed to state a claim against the remaining defendants. The court thereafter denied Echols' motion for reconsideration. Echols appeals from those rulings.
 
 
 6
 We review de novo the grant of a motion to dismiss. Thatcher Enterprises v. Cache County Corp., 902 F.2d 1472, 1473 (10th Cir.1990). "We will uphold a dismissal [under Fed.R.Civ.P. 12(b)(6) for failure to state a claim] only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief." Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence, 927 F.2d 1111, 1115 (10th Cir.1991).
 
 
 7
 "A judge acting in his judicial capacity is absolutely immune from civil rights suits unless the judge acts clearly without any colorable claim of jurisdiction." Snell v. Turner, 920 F.2d 673, 686 (10th Cir.1990), cert. denied, 111 S.Ct. 1622 (1991); see also Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); Mee v. Ortega, No. 90-1288, 1992 U.S.App. LEXIS 13892 at * 7 (10th Cir. June 18, 1992). That immunity does not dissolve when the judge is accused of acting maliciously or corruptly. Pierson v. Ray, 386 U.S. 547, 554 (1967); Christensen v. Ward, 916 F.2d 1462, 1473 (10th Cir.), cert. denied, 111 S.Ct. 559 (1990). There is no argument that the judges involved here acted without jurisdiction. The same immunity attaches to Supreme Court Clerk Butler, acting pursuant to directives by the Utah Supreme Court. See Briscoe v. LaHue, 460 U.S. 325, 335 (1983); Wiggins v. New Mexico State Supreme Court Clerk, 664 F.2d 812, 815 (10th Cir.1981). The constables are also entitled to immunity as "officials responsible for enforcing [court] orders." Valdez v. City & County of Denver, 878 F.2d 1285, 1289 (10th Cir.1989). Accordingly, we affirm the dismissal of Echols' case against the state defendants, including the constables.
 
 
 8
 We similarly affirm the district court's refusal to permit Echols to represent his wife and minor children in a class action suit. The court correctly held that "Echols, a non-lawyer, cannot represent the members of his family or of any proposed class of plaintiffs, though Mr. Echols is free to represent himself." R.Vol. II, Tab 30 at 2. See Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir.1986).[1]
 
 
 9
 Finally, we affirm the dismissal of Echols' complaint against the remaining defendants. His vague and ill-defined allegations that his civil rights were violated as a result of adverse rulings in the state court proceedings involving American are simply insufficient to state a claim on which relief can be granted. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be granted.").
 
 
 10
 Because Echols' arguments on appeal lack any rational basis, his motion for leave to proceed without prepayment of costs or fees is DENIED, and the appeal is DISMISSED. The Appellees' motion for enlargement of time to file brief is DENIED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 It is not completely clear whether Echols appeals that order. His Notice of Appeal clearly designates only himself as appellant. However, he states that he appeals the district court's judgment dismissing his complaint "and from the whole of the judgment." R.Vol. II, Tab 71. We therefore address the propriety of the district court's ruling regarding Echols' representation of his family