**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 29 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

SAMUEL B. WHALEY,

     Plaintiff-Appellant,

and

ETTA NICKS, (deceased),

     Plaintiff,

v.

BILL KENNEDY, Hospital Admin-
istrator; RICK NELSON, Staff
Physician for the Muskogee Regional
Medical Center; ADAINA RILEY,
Clerk of the District Court; LYLE
BURRIS, Judge of the District Court;
GEORGE JENNINGS, D.O.,

     Defendants-Appellees.

No. 97-7077
(D.C. No. 97-CV-234)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**\*

---

Before **SEYMOUR**, Chief Judge, **BRORBY** and **BRISCOE**, Circuit Judges.

---

\*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Samuel B. Whaley brought this action pro se against Bill Kennedy, the administrator of the Muskogee Regional Medical Center, Rick Nelson, M.D., George Jennings, D.O., state district judge Lyle Burris, and state court clerk Adaina Riley, asserting claims under 42 U.S.C. § 1983 and state law arising out of the death of Mr. Whaley's mother. Mr. Whaley, who has also filed two lawsuits in state court asserting wrongful death claims on the same factual basis, alleged numerous acts and omissions by Mr. Kennedy, and Doctors Nelson and Jennings with respect to his mother's treatment, and asserted claims against Judge Burris and Clerk Riley in connection with the dismissal of his state court actions.

The federal district court granted motions to dismiss by Mr. Kennedy, Dr. Nelson, and Judge Burris on the ground that Mr. Whaley had failed to respond to those motions as required by the applicable local rule. The judge granted the motion of Dr. Jennings on the ground that Mr. Whaley had failed to allege Dr. Jennings was acting under color of state law as required by section 1983, and had failed to invoke diversity jurisdiction with respect to the state law claims. The court dismissed the claim against Clerk Riley because her challenged actions were taken at the explicit direction of Judge Burris and were therefore protected by absolute judicial immunity.

We turn first to the claims dismissed for Mr. Whaley's failure to comply with Eastern District of Oklahoma Local Rule 7.1(B), which requires a pleading

or response to a motion to be filed within fifteen days. Mr. Whaley did not respond to defendants' motions to dismiss, and he does not address on appeal his failure to comply with the local rule.

We review such a dismissal for abuse of discretion, considering the degree of actual prejudice to the defendants, the amount of interference with the judicial process, and the culpability of the litigant. See Murray v. Archambo, 132 F.3d 609, 610-11 (10th Cir. 1998). Upon examining these factors, we find no abuse of discretion. Mr. Whaley has pursued his claims against these defendants several times in two forums despite adverse ruling at every turn. Indeed, the record contains evidence tending to show that Mr. Whaley has embarked on a program of repetitious litigation for improper purposes. His refusal to recognize that he must comply with the rules of procedure and his failure to address the matter on appeal, together with the record of Mr. Whaley's litigation history, convince us that the above factors outweigh the judicial system's predisposition to resolve cases on their merits.

We also agree with the district court that Mr. Whaley's claims against Dr. Jennings are subject to dismissal. Mr. Whaley has failed to assert any conduct under color of state law by Dr. Jennings with respect to these claims. In fact, Mr. Whaley's complaint expressly states that this defendant was not acting under color of state law. Rec., vol. 1, doc. 1, at 2. The record likewise contains no

indication that Mr. Whaley has satisfied the requirements for asserting diversity jurisdiction with respect to his state law claims.

With respect to the dismissal of Clerk Riley, the record is undisputed that she refused to file papers presented by Mr. Whaley upon direct instructions of Judge Burris, who had imposed filing restrictions on Mr. Whaley as a sanction. This court has held that a clerk is entitled to absolute judicial immunity under these circumstances. See, e.g., Turney v. O'Toole, 898 F.2d 1470, 1472 (10th Cir. 1990); Wiggins v. New Mexico State Supreme Court Clerk, 664 F.2d 812, 815 (10th Cir. 1981).

Accordingly, we conclude that this appeal is frivolous. The application to proceed in forma pauperis is therefore **DENIED** and the appeal is **DISMISSED**.[1]

**ENTERED FOR THE COURT**

**Stephanie K. Seymour**
**Chief Judge**

---

[1] Mr. Whaley was incarcerated in the state prison system at the time he filed this action and at the time this appeal commensed. His request to proceed on appeal in forma pauperis was thus subject to the requirements of the Prison Litigation Reform Act, 28 U.S.C. § 1915. While his appeal was pending, however, he was released. We need not decide whether the Act continued to apply under these circumstances because we have concluded that Mr. Whaley's appeal is frivolous and we deny on that basis his application to proceed in forma pauperis.