**F I L E D**

# UNITED STATES COURT OF APPEALS

APR 26 2000

## TENTH CIRCUIT

DALE LIVINGSTON, JACQUELYN
LIVINGSTON, on behalf of their minor children
Timothy Livingston, Marsha Livingston and
Janice Livingston, and the minor child for which
they have had lawful guardianship for, Candice
Brooke Pierce; and ELIZABETH LIVINGSTON,

      Plaintiffs-Appellants,

v.

JHONETTE GARCIA, JESSE GARCIA,
BARBARA FRANANO, BOB SPAEHOLTZ,
MITCHELL J. OLSEN, JON M. MEMMOTT,
MICHAEL ALLPHIN, ALYSON BROWN, and
OLSEN & OLSEN,

      Defendants-Appellees.

No. 99-4218
(D.C. No. 98-CV-847-S)
(D. Utah)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **EBEL**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, or collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* FED. R. APP. P. 34(f); 10th Cir. R. 34.1(A)(2). The case is therefore ordered submitted without oral argument.

This case arises out of a custody dispute between Jhonette Garcia and her parents, Dale and Jacquelyn Livingston, over Ms. Garcia's daughter, Candice Brook Pierce. According to the Livingstons, they had physical custody of Candice from the time of her birth until she was three years old. They claim that Candice's father, Michael Pierce, signed a document which purported to grant guardianship of Candice to the Livingstons, and that he filed a paternity and custody action against Ms. Garcia in the Second District Court of the State of Utah, before Judge Jon Memmott, seeking to establish paternity and gain custody of her for the Livingstons. The Livingstons allege that Ms. Garcia and her husband, Jesse Garcia, took Candice out of their home and, appearing ex parte before Judge Memmott, obtained a restraining order against Michael Pierce as well as a temporary custody order while the paternity and custody proceedings were pending. The Livingstons filed two motions to recuse Judge Memmott, which were both considered and denied by Judge Michael Allphin. The Garcias were and are represented by Mitchell Olsen of the law firm of Olsen & Olsen.

While the paternity and custody proceedings were pending, the Livingstons filed a pro se complaint in the Federal District Court for the District of Utah

-2-

against the Garcias, Jesse Garcia's parents Barbara Franano and Bob Spaeholtz, Mitchell Olsen, and the law firm of Olsen & Olsen (the "non-judicial defendants"). The Livingstons also named Judges Memmott and Allphin and Alyson Brown, a court clerk in the Second District Court (the "judicial defendants") in their complaint. All defendants were accused of participating in a conspiracy to kidnap Candice and prevent the Livingstons from gaining custody of the child. After the Livingstons filed numerous motions, memoranda, and affidavits, and amended their complaint twice, the Federal District Court granted the defendants' Motions to Dismiss. The Livingstons appeal this order.

We review de novo the sufficiency of a complaint[1] to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief may be granted. *See Bauchman v. West High Sch.*, 132 F.3d 542, 550 (10th Cir. 1997). Accepting as true the factual allegations in the complaint and drawing all reasonable inferences in favor of the plaintiff, the district court may appropriately dismiss a complaint only when it appears that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *See Yoder v.*

---

[1]Because no responsive pleadings had been filed after the first complaint, the Livingstons could amend their complaint as a matter of right, *see* FED. R. CIV. P. 15(a), and they did, filing their first amended complaint. The Livingstons were never granted permission to file their second amended complaint, which was filed only two weeks before the case was dismissed. Therefore, it is the Livingstons' first amended complaint that we consider here. For the sake of brevity, we will simply refer to it as "the complaint."

*Honeywell, Inc.*, 104 F.3d 1215, 1224 (10th Cir. 1997). Because the Livingstons are proceeding pro se, we construe their pleadings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

With respect to the judicial defendants, we construe the Livingstons' complaint as asserting a claim for violation of their civil rights under 42 U.S.C. § 1983, based on actions these defendants took in the course of the state court proceedings.[2] This claim necessarily fails because these defendants are absolutely immune from suit for acts done in their judicial capacity. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). An act is judicial if it is a function normally performed by a judge and if the parties are dealing with the judge in his or her judicial capacity. *See Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994). Both of those conditions were clearly met in the parties' interactions with Judges Memmott and Allphin. Ms. Brown, as a court clerk, is entitled to the same judicial immunity, *see Briscoe v. LaHue*, 460 U.S. 325, 335 (1983), because her actions with respect to this case were taken to aid the court in the discharge of its judicial duties. *See Wiggins v. New Mexico State Supreme Court Clerk*, 664 F.2d 812, 815 (10th Cir. 1981).

The Livingstons also appear to allege that the non-judicial defendants

---

[2]The complaint alleges that the judicial employees violated the Livingstons' "civil and constitutional rights."

violated their civil rights. A civil rights plaintiff proceeding under § 1983 must allege and prove that "(a) some person has deprived him of a federally protected right, and (b) the person who has deprived him of that right acted under color of state law." *Houston v. Reich*, 932 F.2d 883, 890 (10th Cir. 1991). "In order to hold a private individual liable under § 1983 for a constitutional violation requiring state action, a plaintiff must show . . . that the individual's conduct is 'fairly attributable to the State.'" *Pino v. Higgs*, 75 F.3d 1461, 1465 (10th Cir. 1996) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). The Livingstons make no such showing here.

In addition, the Livingston's complaint "charges" both the judicial and non-judicial defendants with the crimes of kidnaping and conspiracy, seeking "punitive" fines and jail sentences for defendants. As defendants have correctly and repeatedly pointed out, federal criminal charges can only be brought by prosecutors representing the United States. A private citizen has no standing in federal court to bring such charges. Moreover, a citizen's civil rights can only be violated by someone acting under the color of state law.

Finally, we note that the Livingstons filed their complaint while the custody and paternity case was ongoing in the Utah state court. Although their complaint makes numerous allegations and requests various forms of relief, at base it appears to be an attempt to overturn the state court's decision awarding custody

of Candice to Ms. Garcia. It is inappropriate for a federal court to assume concurrent jurisdiction over a matter that is pending in state district court. If the Livingstons are dissatisfied with the state court's final rulings on the custody and paternity case, they may pursue appropriate appeals within the state court system. Contrary to their belief, the federal court system does not exist to give plenary appellate review over state court judgments.

For substantially the reasons set forth in the defendants' briefs, we **AFFIRM** the District Court's order granting their motions to dismiss.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge