**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 9 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICHARD SMITH,

Plaintiff - Appellant,

v.

STATE OF NEW MEXICO;
WILLIAM C. BIRDSALL, Eleventh
Judicial District Court, personally and
in his official capacity as a New
Mexico District Court Judge; and
SANDRA PRICE, personally and in
her official capacity as a New Mexico
Chief Deputy District Attorney,

Defendants - Appellees.

No. 03-2292

(D. New Mexico)

(D.C. No. CIV-03-139-MCA/RLP)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **MURPHY** , and **McCONNELL** , Circuit Judges.

After examining appellant's brief and the appellate record, this court has

determined unanimously that oral argument would not materially assist the

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Proceeding *pro se*, Richard Smith appeals the district court's *sua sponte* dismissal of the civil rights complaint he brought pursuant to 42 U.S.C. § 1983. Smith filed the action against Sandra Price, the New Mexico chief deputy district attorney; the Honorable William C. Birdsall, a New Mexico State District Court judge; and the State of New Mexico. Smith alleged that defendants' actions, taken in both their individual and official capacities, violated his Fourth Amendment rights and his Fourteenth Amendment due process rights.

The district court first concluded that Price and Birdsall were entitled to absolute immunity as to any claims asserted against them in their individual capacities. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Wiggins v. N.M. State Supreme Court Clerk*, 664 F.2d 812, 815 (10th Cir. 1981). Further, the claims asserted against the State of New Mexico and against Price and Birdsall while acting in their official capacities failed because "neither a State nor its officials, acting in their official capacities are 'persons'" against whom a claim for damages can be brought pursuant to § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Finally, the court concluded that any other claims for damages Smith asserted against the State of New Mexico were barred by the

State's sovereign immunity from suit. Accordingly, the district court dismissed Smith's complaint with prejudice.

Smith first challenges the dismissal of the complaint on the merits.[1] Because the district court's order relied on both § 1915(e)(2) and Rule 12(b)(6), we will apply the Rule 12(b)(6) *de novo* standard of review in this case. *See Perkins v. Kansas Dept. of Corr*., 165 F.3d 803, 806 (10th Cir. 1999). We have reviewed the briefs and the applicable law and have found no reversible error in the district court's analysis. Accordingly, we **affirm** the dismissal of Smith's complaint.

Smith also argues that the district court should not have dismissed the complaint with prejudice without first giving him notice. This court, however, has held that a district court may *sua sponte* dismiss a *pro se* complaint under Rule 12(b)(6) "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (citation omitted). It is clear from our review of the record that Smith cannot prevail on

---

[1]Smith's motion to amend his opening brief, as corrected by the errata sheet, is **granted**.

the facts alleged in his complaint and allowing him the opportunity to amend the complaint would be futile. Consequently, the district court did not err when it dismissed Smith's complaint *sua sponte*.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge
