**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 20, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MARCELINA MARTINEZ; GILBERT
ROMERO,

     Plaintiffs - Appellants,

v.

JULIAN GONZALES; ELOY GRIEGO;
PENNY ELLIS-GREEN; DANIEL
MAYFIELD; SANDRA K. MIERA;
RACHEL BROWN; EDWARD G. WEBB,
JR.; BRIAN NISSEN; ROBERT GARCIA;
STEPHEN ROSS; JUSTIN R. WOOLF;
FERMIN ARAGON; ERNEST GARCIA;
PHILIP A. SANCHEZ; COUNTY OF
SANTA FE; MINO'S TOWING;
ROBERT SHILLING,

     Defendants - Appellees.

No. 14-2227
(D.C. No. 1:13-CV-00922-RHS-KK)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

---

    [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.  BACKGROUND

Appellants Marcelina Martinez and her husband, Gilbert Romero, attempted to construct a garage on their property without the necessary building permits.  Their efforts culminated in state court judge Sandra K. Miera's issuing a bench warrant for Ms. Martinez's arrest; sheriff deputies Edward G. Webb and Brian Nissen's unsuccessfully attempting to execute the warrant; and New Mexico State Police Officer Ernest Garcia's finally arresting Ms. Martinez—and in the process Mr. Romero as well.

Ms. Martinez and Mr. Romero subsequently brought this pro se action, alleging multiple claims and naming the individuals listed above and a host of other defendants (including a tow-truck company) who had been involved in the building-permit dispute and the resulting criminal proceedings.  The other defendants were dismissed or granted summary judgment and are not implicated in this appeal. As for Judge Miera and the officers identified above, the district court issued multiple separate orders granting them summary judgment on the basis of absolute or qualified immunity.

Specifically, the district court determined that Judge Miera was entitled to absolute judicial immunity for her role in issuing a bench warrant for Ms. Martinez's arrest and presiding over her criminal proceedings after she failed to appear for her arraignment.  *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978) ("[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their

2

judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." (internal quotation marks omitted)).

Similarly, the district court determined that Deputies Webb and Nissen were entitled to absolute quasi-judicial immunity for their role in attempting to execute the facially valid bench warrant. *See Valdez v. City & Cty. of Denver*, 878 F.2d 1285, 1286 (10th Cir. 1989) ("[O]fficial[s] charged with the duty of executing a facially valid court order enjoy[] absolute immunity from liability for damages in a suit challenging conduct prescribed by that order.").

The court concluded that Officer Garcia was also entitled to quasi-judicial immunity to the extent he was charged with stopping and arresting Ms. Martinez pursuant to the warrant, *see id.*, and to qualified immunity to the extent he was charged with using excessive force and falsely arresting Mr. Romero, *see Coen v. Runner*, 854 F.2d 374, 377 (10th Cir. 1988) ("Qualified immunity is an affirmative defense that protects government officials from personal liability unless their actions violate clearly established law of which a reasonable person would have known.").

Finally, the court rejected appellants' claim that Officer Garcia had unlawfully searched and seized Mr. Romero following his arrest. It reasoned that, because his arrest was lawful, the search and seizure incident to his arrest were lawful as well. *See United States v. Robinson*, 414 U.S. 218, 235 (1973) (holding that where there is a lawful arrest supported by probable cause, "a search incident to the arrest requires no additional justification").

3

## II. DISCUSSION

Under our de novo review, *United States v. Dillard*, ___ F.3d ____, 2015 WL 4540551, at *4 (10th Cir. July 28, 2015), we affirm the district court's judgment because Ms. Martinez and Mr. Romero raise only one issue that is relevant to the district court's immunity rulings:  that the bench warrant was invalid.

To show that Judge Miera, Deputies Webb and Nissen, and Officer Garcia are not entitled to absolute immunity, Ms. Martinez and Mr. Romero must establish that Judge Miera issued the bench warrant in the "clear absence of all jurisdiction." *Turney v. O'Toole*, 898 F.2d 1470, 1474 (10th Cir. 1990) (internal quotation marks omitted).  They cannot do so.  As the district court correctly explained, Rule 6-207 of the New Mexico Rules of Criminal Procedure for the Magistrate Courts expressly provides that "[i]f any person who has been ordered by the magistrate judge to appear at a certain time and place . . . fails to appear at such specified time and place . . . the court may issue a warrant for the person's arrest."  NMRA 6-207(A).  Ms. Martinez was ordered to appear for her arraignment and failed to do so.  Judge Miera therefore issued the bench warrant for her arrest.  She clearly had jurisdiction to do so, and thus she and the other officers are all entitled to absolute judicial or quasi-judicial immunity.[1]

---

[1] We reject appellants' meritless argument that the warrant was invalid because the notice of Ms. Martinez's arraignment was signed by the magistrate court clerk, rather than Judge Miera. *See Wiggins v. New Mexico State Supreme Court Clerk*, 664 F.2d 812, 815 (10th Cir. 1981) ("[N]o court can discharge its judicial duties without the aid of clerks, servants and agents." (internal quotation marks omitted)).

(continued)

Apart from attacking the validity of the warrant, Ms. Martinez and

Mr. Romero advance no argument addressing the district court's immunity rulings.

Instead, pages 3 through 26 of their opening brief lament defendants' conduct—

alleged due process violations in the underlying criminal proceedings and violations

of the Treaty of Guadalupe Hidalgo. None of this discussion tells us why the district

court erred in granting summary judgment on immunity grounds. *See Nixon v. City

& Cty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) ("The first task of an

appellant is to explain to us why the district court's decision was wrong. Recitation

of a tale of apparent injustice may assist in that task, but it cannot substitute for legal

argument.").

The remainder of their brief fares no better. After articulating our standard of

review and summarizing their arguments, Ms. Martinez and Mr. Romero elaborate,

on pages 28 through 37 of their opening brief, on the alleged due process violations

in the underlying criminal proceedings. But these arguments suggest no error with

the district court's immunity rulings. On pages 38 through 42, Ms. Martinez and

Mr. Romero repeat their arguments that the warrant was invalid, all of which we have

---

We similarly reject appellants' assertion that Judge Miera lacked personal knowledge of Ms. Martinez's failure to appear for her arraignment. It is undisputed that Ms. Martinez was ordered to appear for her arraignment before Judge Miera on April 19, 2013, *see* Aplee. App. at 770, that Ms. Martinez wrote back to the court, "I do not consent to this action," *id.* at 772, and that on the day of the arraignment, Ms. Martinez failed to appear and Judge Miera accordingly signed the bench warrant, *see id.* at 765 (Judge Miera's affidavit indicating that Ms. Martinez failed to appear for her arraignment), 780 (bench warrant signed by Judge Miera).

already rejected. And on pages 42 through 48, they challenge Officer Garcia's actions,[2] claiming he lacked "official knowledge of a bench warrant," and did not possess the warrant at the time of the arrest. Aplt. Br. at 42. But it is undisputed that Officer Garcia stopped Ms. Martinez after running a license-plate check on her car and finding the outstanding warrant. *See* Aplee. App. at 641-42 (Garcia Aff.).

Finally, on pages 48 and 49, Ms. Martinez and Mr. Romero argue that the County of Santa Fe is not entitled to immunity as a municipal corporation, but the district court never made such a ruling and, once again, appellants fail to explain how this argument addresses the district court's grant of judicial and quasi-judicial immunity to Judge Miera, Deputies Webb and Nissen, and Officer Garcia.

Because Ms. Martinez and Mr. Romero are proceeding pro se, we construe their filings liberally. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009). So construed, "we make some allowances for [their] failure to cite proper legal authority, [their] confusion of various legal theories, [their] poor syntax and sentence construction, or [their] unfamiliarity with pleading requirements, [but we] cannot take on the responsibility of serving as [their] attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (brackets and internal quotation marks omitted). Indeed, we have consistently required pro se litigants to follow the same procedural

---

[2] Appellants suggest on pages 46 through 48 that Officer Garcia was unreasonable in his use of force to arrest them, but this argument is premised on their erroneous assertion that the warrant was invalid.

rules as other litigants. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007).

Because the only pertinent issue they raise on appeal is unavailing, the judgment of

the district court is affirmed.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge